```
             UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MICHAEL ALLEN QUIGGLE,         :   CASE NO. 1:11-CV-1107
                               :
          Petitioner           :   (Chief Judge Kane)
                               :
     v.                        :   (Magistrate Judge Smyser)
                               :
SUPERINTENDENT COLEMAN,        :
SCI-FAYETTE,                   :
                               :
          Respondent           :
```

## REPORT AND RECOMMENDATION

Michael Allen Quiggle has filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus.  He is a state prisoner who was convicted in the Clinton County Court of Common Pleas of third degree murder in the death of Tiffany Renee Zimmerman.

Tiffany Renee Zimmerman was shot during an incident with Quiggle, her boyfriend, on January 1, 2004.  She died shortly thereafter.  Quiggle was shot in the hand.  He was interrogated but was not arrested at that time.  On June 15, 2004, Quiggle was charged with first degree and third degree murder under 18 Pa. C.S.A. § 2502(a) and (c).  He pleaded

guilty to third degree murder.  He was sentenced to imprisonment for no less than 20 years and no greater than 40 years.

Quiggle appealed his conviction to the Superior Court of Pennsylvania.  The judgment of sentence was affirmed on August 8, 2005.  A petition for an allowance of an appeal to the Supreme Court of Pennsylvania was not filed.  The judgment of sentence became final on September 7, 2005, 30 days after the Superior Court decision.

Quiggle then filed a petition for post-conviction relief on July 13, 2006.  The PCRA court denied the petition. The Superior Court vacated the denial order and remanded for an evidentiary hearing.  After a hearing, the PCRA court again denied the PCRA petition.  An appeal to the Superior Court was taken.  The Superior Court, on October 7, 2008, affirmed the PCRA court's denial of the PCRA petition.  There was no petition to the Pennsylvania Supreme Court for the allowance of an appeal.

On March 23, 2009, Quiggle filed a second PCRA petition. Quiggle alleged in that petition that counsel representing him in the first PCRA petition was ineffective for not having petitioned to the Supreme Court of Pennsylvania for the allowance of an appeal from the Superior Court's October 7, 2008 order affirming the PCRA court's denial of relief on the first PCRA petition. The second PCRA petition was untimely under state law, but the PCRA court granted the petition and ordered the *nunc pro tunc* reinstatement of Quiggle's right to file a petition to the Pennsylvania Supreme Court for the allowance of an appeal from the October 7, 2008 decision of the Superior Court. The Supreme Court of Pennsylvania, on November 10, 2009, denied the petition for the allowance of an appeal.

On November 30, 2009, Quiggle filed a third PCRA petition. The PCRA court dismissed that petition as untimely. Quiggle appealed to the Superior Court. The Superior Court affirmed that dismissal. On March 14, 2011, the Supreme Court of Pennsylvania denied a petition for the allowance of an appeal.

3

In this § 2254 petition, Quiggle claims that he is innocent of the offense to which he pleaded guilty, that his trial attorney was ineffective and that his constitutional rights were violated.  He asserts that he has exhausted his state judicial remedies as to his claims.

His argument as to his claim of actual innocence is that he gave an involuntary statement on January 1, 2004.  He asserts that the interviewing Trooper withheld his pain medication until he had completed making a statement.  He asserts that he was also very tired at that time.  He asserts also that he does not remember events from December 31, 2003 to January 2, 2004.  He states that he gave later inculpatory statements to the police because he did not know what the police would do if he did not give those statements.

His argument as to his claim of ineffective assistance of counsel is that counsel had no sound strategic grounds not to seek to have his statements suppressed and no sound strategic basis not to proceed with his case to trial.  He asserts that counsel sought to avoid trial and used the tactic

4

of having his mother persuade him to plead guilty so counsel could avoid trial.

An answer to the petition was filed by the Clinton County District Attorney.  The respondent asserts that the petition is untimely under 28 U.S.C. § 2244(d)(1).  Section 2244(d)(1)(A) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The respondent argues that the petitioner's one-year period to file expired on January 5, 2010.  The respondent's calculation is based upon the expiration of 308 days from September 7, 2005

5

(30 days after the Superior Court denied his direct appeal) until the first PCRA petition was filed on July 13, 2006 and the expiration on January 5, 2010 of the 56-day balance of the allotted 365 days after the Pennsylvania Supreme Court on November 10, 2009 denied the petition for the allowance of an appeal.  The respondent asks the court to dismiss the petition as untimely.

The respondent's argument that this petition is untimely does not address the issue whether the petitioner's third PCRA petition, which was pending in the state courts from November 30, 2009 to March 14, 2011, should be considered by this court to have stopped the clock for purposes of § 2244(d)(2).  The Superior Court considered the third PCRA petition to be "patently untimely" under state law.  *See Commonwealth v. Quiggle,* 13 A.3d 972 (table), No. 253 MDA 2010 (Pa. Super. Ct. Sept. 3, 2010). Doc. 1, Appendix A.  A state post conviction petition that has been rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2).  *Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2005).

6

This petition would be untimely even if the third PCRA petition tolled the one-year period for filing. The 308 days from September 7, 2005 to July 13, 2006 are counted towards the one year. The running of the period was tolled from July 13, 2006 to November 10, 2009 while the first PCRA petition was pending. The clock then resumed running on November 11, 2009, the day after the Pennsylvania Supreme Court denied Quiggle's petition for the allowance of an appeal *nunc pro tunc*. The clock ran from November 11, 2009 to November 30, 2009, when Quiggle filed his third PCRA petition. Assuming for the sake of argument that the third PCRA petition tolled the running of the period, the running was tolled from November 30, 2009 to March 14, 2011. From March 14, 2011 to June 9, 2011, 77 days passed. Accordingly, even assuming that the period during which the third PCRA petition was pending were not included in the calculation, more than one year had passed after the conviction became final and before this petition was filed.

Quiggle does not present a contention that this petition is timely. He concedes that he did not initiate this habeas corpus petition within the allotted period of time.

But, he asserts, he is actually innocent of the murder of Tiffany Zimmerman and that his conviction of third degree murder is a miscarriage of justice.

In advancing his contention of actual innocence, Quiggle appears to state that Zimmerman first shot him, that he tried to take the gun from her, and that this is when she was shot. He states that he gave her CPR, that he called 911 and that he did not flee. But he also states that he has no memory of what occurred. He also asserts that police officers questioned him at length while he was very tired, that they withheld pain medication from him while he was being questioned even though he had sustained a gunshot wound, and that his confession was not voluntary. He asserts that he wanted to go to trial but that his attorney spoke to his mother to entreat her to persuade him to plead guilty.

In a narrow class of cases involving a fundamental miscarriage of justice, a convicted person's actual innocence might be taken to excuse the failure of the person to bring a timely 28 U.S.C. § 2254 petition. *See Schlup v. Delo,* 513 U.S.

298 (1995).  The petitioner, who pleaded guilty, claims that his conviction is a miscarriage of justice.  He claims that he pleaded guilty because his mother persuaded him to plead guilty.

A defendant who pleaded guilty because his mother persuaded him to plead guilty can not reasonably assert that a conviction based upon his guilty plea is a miscarriage of justice when there is no basis for a finding that the guilty plea was not a knowing and a voluntary plea.

The petitioner asserts that his statement given to the police after the death of Tiffany Zimmerman was not voluntary because he was requesting pain medication at the time.  He asserts that his attorney should have sought to have that statement suppressed and should not have spoken to his mother to suggest to her that she counsel her son, who was facing first and third degree murder charges, to plead guilty to third degree murder.

9

A claim of actual innocence, to be considered to potentially justify bypassing the statutory time limit, must be such that it is more likely than not that no reasonable juror would have convicted the petitioner in light of new evidence presented in the habeas corpus petition. *See Hubbard v. Pinchak,* 378 F.3d 333, 339 (3d Cir. 2004). Nothing presented by the petitioner amounts to new evidence. He does not remember what happened on January 1, 2004.[1] He does not show that he has evidence that would be likely to preclude his conviction of the third degree murder of Tiffany Zimmerman by a reasonable juror. Therefore, he can not establish actual innocence.

It is accordingly recommended that the untimely petition be dismissed pursuant to 28 U.S.C. § 2244(d)(1).

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  October 3, 2011.

---

1. *See* Petition, Doc. 1, page 10. The petitioner states that he "has little or no memory of the night of December 31, 2003 to January 2, 2004."