**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL ALLEN QUIGGLE,** | : | |
| Petitioner | : | **Civil Action No. 1:11-cv-1107** |
| | : | |
| v. | : | **(Chief Judge Kane)** |
| | : | |
| **SUPERINTENDENT COLEMAN,** | : | **(Magistrate Judge Smyser)** |
| SCI-FAYETTE, | : | |
| Respondent | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. No. 14), which recommends that Petitioner's petition filed pursuant to 28 U.S.C. § 2254 be denied. Petitioner has filed objections to the R&R. (Doc. No. 15.) The Court has reviewed Petitioner's objections and finds them to be without merit. Accordingly, the Court will adopt the R&R in full.

This case arises out of an incident on January 1, 2004, during which Tiffany Renee Zimmerman was fatally shot, and Petitioner Michael Allen Quiggle was shot in the hand. (Doc. No. 14 at 1.) Petitioner was charged with first-degree and third-degree murder; he pleaded guilty to third-degree murder and was sentenced to a term of imprisonment of 20 to 40 years. (Id. at 1-2.) After the Superior Court of Pennsylvania denied Petitioner's appeal of his conviction, Petitioner filed three petitions for post-conviction relief. Petitioner filed his first petition on July 13, 2006, his second petition on March 23, 2009, and his third petition on November 30, 2009. His third petition was denied as untimely. On June 9, 2011, the Court received Petitioner's § 2254 petition, which is dated June 6, 2011. (Doc. No. 1.)

1

In his § 2254 petition, Petitioner claims "that he is innocent of the offense to which he pleaded guilty, that his trial attorney was ineffective and that his constitutional rights were violated." (Doc. No. 14. at 4.)  On October 3, 2011, Magistrate Judge Smyser recommended that the petition be denied, because the petition was filed after the expiration of the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1), and because Petitioner did not "show that he has evidence that would be likely to preclude his conviction of the third degree murder of Tiffany Zimmerman by a reasonable juror," noting that such a showing would be necessary to bypass the one-year statute of limitations on § 2254 petitions.  (Id. at 10.)

On October 14, 2011, the Court received Petitioner's timely objections to the R&R.[1] (Doc. No. 15.)  In his objections, Petitioner argues that he has "shown evidence that would be likely to preclude [his] conviction of the third degree murder of Tiffany Zimmerman by a reasonable juror," based on his assertions that no Pennsylvania court has ruled on his trial counsel's "actions of going to [his] mother . . . [t]o have her tell [him] to plead guilty," and that Tiffany Zimmerman had a permit to carry a gun.  (Id. at 2-3.)  Petitioner also argues that his trial counsel's advice that his statements to police could not be suppressed and that he would be sentenced to life if he went to trial support a finding that his guilty plea was not a knowing and voluntary plea.  (Id. at 3.)

After a de novo review of each of these arguments, the Court finds Petitioner's objections to be without any merit.  Magistrate Judge Smyser correctly stated and applied the standard for

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations.  In deciding whether to accept, reject, or modify the R&R, the Court is to make a de novo determination of those portions of the R&R to which objection is made.  28 U.S.C. § 636(b)(1).

bypassing the statute of limitations on a § 2254 petition based on a claim of actual innocence.  In the Third Circuit, "[a] petitioner who is asserting his actual innocence of the underlying crime must show it is more likely than not that no reasonable juror would have convicted him in light of the new evidence presented in his habeas petition."  Hubbard v. Pinchak, 378 F.3d 333, 339 (3d Cir. 2004) (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998); Schlup v. Delo, 513 U.S. 298, 327 (1995)) (internal quotation marks and alterations omitted).  Petitioner's objections are simply reiterations of the claims made in his § 2254 petition, and do nothing to alter the conclusion that Petitioner has not presented evidence that would be likely to preclude his conviction of the third-degree murder of Tiffany Zimmerman by a reasonable jury.

  **ACCORDINGLY**, on this 23rd day of November 2011, **IT IS HEREBY ORDERED THAT** the Court **ADOPTS** Magistrate Judge Smyser's R&R (Doc. No. 14), and the petition for a writ of habeas corpus (Doc. No. 1) is **DENIED**.  The Clerk of Court is directed to close this case.  No certificate of appealability will issue.

S/ Yvette Kane   
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
